IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LINDA EHMANN,

               Plaintiff,

    vs.

WELLS FARGO BANK, N.A.,

               Defendant.

Case No. 3:22-cv-00154-JMK

**ORDER**

## I.    MOTION PRESENTED

Before the Court at Docket 5 is a motion to dismiss or, in the alternative, a motion for a more definite statement filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").  Plaintiff Linda Ehmann ("Plaintiff") responded at Docket 13.  Wells Fargo replied at Docket 15.  Oral argument was requested, but, upon review of the parties' briefing, the Court concludes that argument would not be of additional assistance.

## II.   BACKGROUND

In May 2022, Plaintiff filed a seven-paragraph complaint against Wells Fargo in the Superior Court for the State of Alaska.  The complaint alleges that on or about June 30, 2016, she and a co-lessee entered into a contract with Wells Fargo "for the keeping and security of valuable items" in safe deposit box # 603 at Well Fargo's Palmer, Alaska,

location, and that the value of the items she placed in the box exceeded $300,000.[1]  The complaint alleges that "with absolute, inexcusable and abject malfeasance, if not intentional abuse and neglect, [Wells Fargo] gave [the] property away."[2]  It then claims that Wells Fargo's actions constitute "unfair trade practice, [a] violation of [Plaintiff's] rights and expectations as a consumer, breach of . . . contract, negligence, discrimination, and [an] egregious wrong" warranting an award of punitive damages.[3]  Wells Fargo removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1) based on diversity jurisdiction.

Wells Fargo now moves the Court to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  It argues that Plaintiff cannot bring any claim against Wells Fargo that does not sound in contract and that any remaining contract claim must be dismissed because the complaint fails to plausibly allege that it has been brought within the one-year deadline set by the parties' agreement.  It also contends that the agreement precludes most of the damages Plaintiff seeks.  Alternatively, Wells Fargo argues that the complaint does not contain sufficient factual allegations to establish any plausible and cognizable claims, requiring dismissal or an amended complaint that provides a more definitive statement to support each claim Plaintiff intends to raise.

---

[1] Docket 1-1 at ¶¶ 4–5.
[2] *Id.* at ¶ 6.
[3] *Id.* at ¶ 7.

*Ehmann v. Wells Fargo Bank, N.A.*                                          Case No. 3:22-cv-00154-JMK
Order Re Defendant's Motion to Dismiss at Docket 5                                          Page 2
Case 3:22-cv-00154-JMK   Document 18   Filed 11/29/22   Page 2 of 9

## III. LEGAL STANDARDS

Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. In reviewing such a motion, all allegations of fact in the complaint are accepted as true and construed in the light most favorable to the plaintiff.[4] To be assumed true, the allegations "may not simply recite the elements of a cause of action, but must contain sufficient . . . underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[5] That is to say, conclusory allegations of law are insufficient.[6] The allegations assumed to be true must then plausibly suggest entitlement to relief.[7] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

Dismissal under Rule 12(b)(6) is warranted when the plaintiff fails to present a cognizable legal theory or fails to allege facts sufficient to support a cognizable legal theory.[9] A court may dismiss a complaint under Rule 12(b)(6) based on an affirmative defense when the defense is apparent on the face of the complaint and raises no disputed issues of fact.[10]

In deciding whether to dismiss a claim under Rule 12(b)(6), a court generally is limited to a review of the complaint itself. However, a court may review materials that

---

[4] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).
[5] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).
[6] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).
[7] *Starr*, 652 F.3d at 1216.
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[9] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
[10] *See Orkin v. Taylor*, 487 F.3d 734, 741–42 (9th Cir. 2007) (affirming dismissal based on an affirmative defense because the defense was apparent from the face of the complaint).

*Ehmann v. Wells Fargo Bank, N.A.*                                        Case No. 3:22-cv-00154-JMK
Order Re Defendant's Motion to Dismiss at Docket 5                                        Page 3
Case 3:22-cv-00154-JMK   Document 18   Filed 11/29/22   Page 3 of 9

are properly submitted as part of the complaint and may take judicial notice of undisputed matters of public record.[11]  Furthermore, a court can consider materials that form the basis of the plaintiff's claims or are incorporated into the complaint by reference, and a court can assume the truthfulness of these materials for purposes of deciding the motion.[12]

## IV.  DISCUSSION

Plaintiff's complaint is less than two pages in length and contains only seven paragraphs.  The facts set forth in the complaint are sparse.  It simply is alleged that Plaintiff, along with a "joint lessee," entered into a contract with Wells Fargo on June 30, 2016, "for the keeping and security of" items with "enormous and special value" in excess of $300,000 in safe deposit box #603.[13]  She alleges that Wells Fargo acted "[w]ith absolute, inexcusable and abject malfeasance, if not intentional abuse and neglect" when it "gave [the property] away."[14]  The only plausible claim stemming from these limited facts would be breach of contract.  Plaintiff alleges she had a contract with Wells Fargo for the use of a safe deposit box which obligated Wells Fargo to secure the valuable items placed inside the box.  She alleges that Wells Fargo failed to meet that obligation.  Any claim for negligence or other tort Plaintiff intends to raise would be subsumed by the contract claim

---

[11] *Lee*, 250 F.3d at 688–89.
[12] *J.K.J. v. City of San Diego*, 42 F.4th 990, 997–98 (9th Cir. 2021); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03 (9th Cir. 2018).
[13] Docket 1-1 at ¶¶ 4–5.
[14] *Id.* at ¶ 6.

under Alaska law.[15]  There simply is no allegation to support a tort theory of liability apart from the contract.[16]

Plaintiff attempts to raise additional claims by baldly asserting Wells Fargo's conduct also constitutes "unfair trade practices," a "violation of [consumer] rights and expectations," "discrimination," and an "egregious wrong" warranting a punitive damages remedy.[17]  These claims are mentioned without any indication as to what state or federal statute or alternative theory of liability Plaintiff intends to rely on in bringing such claims. There are no facts set forth to distinguish these claims from Plaintiff's breach of contract claim or otherwise define and support a distinct cause of action.  That is to say, the complaint fails to recite the elements of whatever additional claims are being asserted, let alone provide enough basic factual allegations from which the Court can draw the necessary inferences to find Wells Fargo plausibly liable for these additional claims. Moreover, Rule 8(a) requires that the factual elements of a cause of action be organized

---

[15] *See, e.g.*, *State v. Transamerica Premier Ins. Co.*, 856 P.2d 766, 772 (Alaska 1993) (finding that the plaintiff could not use a tort action to enforce a duty that stemmed solely from a contractual promise); *K&K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 717 (Alaska 2003) (acknowledging that promises set forth in a contract must be enforced through a breach of contract claim rather than a tort claim).

[16] *See Alaska Pacific Assurance Co. v. Collins*, 794 P.2d 936, 946 (Alaska 1990) ("Only where the duty breached is one imposed by law, such as a traditional tort law duty furthering social policy, may an action between contracting parties sound in tort."); *Galipeau v. Bixby*, 476 P.3d 1129, 1137–39 (Alaska 2020) (noting that "[a]n independent tort, by definition, is one that would exist even if there were no contract" and finding that the defendant owed no duty to the plaintiffs apart from the contractual duties imposed on it and therefore the plaintiffs could not be awarded punitive damages based on a tort theory of liability).

[17]  Docket 1-1 at ¶ 7.

into a short and plain statement for *each particular claim*,[18] but here the complaint groups all claims together in one sentence.

Plaintiff argues that regardless of any deficiency her complaint should be allowed to proceed as it is written because Wells Fargo has adequate notice of its own wrongdoing and her claims. She asserts that no inferential leap is needed to understand her complaint because the parties had been "working toward resolution" before Wells Fargo ultimately denied her compensation and because Wells Fargo possesses evidence to better explain what happened to the contents of her box.[19] This argument is wholly without merit. Federal pleading standards do not provide any leeway for a "you-should-know-what-you-did" complaint. Rule 8 requires Plaintiff to give Wells Fargo notice of the claims being litigated and of how its alleged conduct violates the elements of each cause of action. This is not to say that Rule 8 requires detailed factual allegations tantamount to proof, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[20] Plaintiff must produce a complaint with sufficient factual allegations to give notice as to what specific causes of action she intends to litigate and to show the Court that each claim is plausible taking all allegations as true.[21] Only then is discovery warranted so that Plaintiff can prove her allegations.[22]

---

[18] *See Williams v. Nevada*, No. 3:20-cv-00223-MMD-WGC, 2020 WL 1876220, at *3 (D. Nevada Apr. 15, 2020) ("If the factual elements of a cause of action are not organized into a short and plain statement of the particular claim, dismissal for failure to satisfy Rule 8(a) is proper.").
[19] Docket 13 at 8.
[20] *Iqbal*, 556 U.S. at 678.
[21] *Starr*, 652 F.3d at 1216.
[22] *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery."); *Torio v. Wells*

Plaintiff attempts to remedy her complaint through the filing of an affidavit containing facts she believes serve as a more definitive statement of her claims. The introduction of outside evidence to avoid dismissal under Rule 12(b)(6) is improper. Plaintiff cannot avoid her obligation under Rule 8(a) to file a complaint that sets forth factual allegations plausibly suggesting entitlement to relief. As noted by Wells Fargo, "[i]t is entirely unclear how Wells Fargo would be able to file an answer to a combination of Plaintiff's deficient [c]omplaint and an affidavit submitted as an exhibit to a responsive brief."[23] Moreover, the affidavit does not remedy the complaint's failure to provide a short and plain factual statement for each particular claim.

Typically, dismissal for failure to adequately plead a claim under Rule 12(b)(6) is tempered by an opportunity to amend, but Wells Fargo argues that amendment would be futile here given the terms of the applicable contract, which it contends contains a one-year time limit for filing suit and limits damages to $10,000. Wells Fargo argues that these same terms bar any remaining contract claim Plaintiff has against it. A court may properly consider documents outside of a complaint if the documents are central to the plaintiff's claims, as the June 30, 2016, lease agreement between Plaintiff and Wells Fargo is, but only if no party questions the document's authenticity. Here, there is some question as to the applicable lease terms. Wells Fargo provided a copy of the parties' agreement, which consists of a two-page form entitled "Safe Deposit Box Lease

_Fargo Bank, N.A._, 5:16-cv-00704-HRL, 2016 WL 2344243, at *5 (N.D. Cal. May 4, 2016) ("[D]iscovery cannot be used as a fishing expedition for evidence of claims that have not been properly pled.").

[23] Docket 15 at 5.

_Ehmann v. Wells Fargo Bank, N.A._                                                                    Case No. 3:22-cv-00154-JMK
Order Re Defendant's Motion to Dismiss at Docket 5                                                    Page 7
Case 3:22-cv-00154-JMK   Document 18   Filed 11/29/22   Page 7 of 9

Agreement" that was signed and dated by Plaintiff on June 30, 2016, but the specific contract terms are not included within that particular form. Instead, the applicable lease terms are set forth in a standardized Wells Fargo document that is referenced in the form, but, as noted by Plaintiff, the version Wells Fargo provided here has an effective date of October 15, 2021, years after Plaintiff's agreement with Wells Fargo. It is unclear whether these terms were applicable during the relevant timeframe. Based on this discrepancy, the court cannot rely on these lease terms to bar any amendment as futile or dismiss Plaintiff's contract claim.

Even assuming the applicable lease terms include a one-year limitations period, there is a dispute between the parties about when that period began accruing. Wells Fargo relies on Plaintiff's affidavit to show that Plaintiff's inquiry notice date was February 22, 2021—when she was informed that the contents of the safe deposit box were removed by an unauthorized individual—which is more than a year before Plaintiff filed suit. The affidavit, however, is not material that can be considered in a Rule 12(b)(6) motion to dismiss, and the Court declines to convert the motion to one for summary judgment here given the other deficiencies with the complaint that Plaintiff must have the opportunity to remedy. Moreover, Plaintiff contends that the limitations period did not run during her attempts to investigate, negotiate, and arbitrate outside of court. This issue of tolling has not been adequately briefed and requires the Court to consider facts not properly before the Court on this Rule 12(b)(6) motion.

## IV.  CONCLUSION

Based on the preceding discussion, the motion at docket 5 is GRANTED IN PART.  The complaint is dismissed to the extent it seeks to raise any cause of action apart from a breach of contract claim.  If Plaintiff wishes to remedy the deficiencies noted herein and file an amended complaint, she must do so on or before December 30, 2022.  If no amended complaint is filed by that date, the litigation will continue as to the remaining breach of contract claim.

IT IS SO ORDERED this 29th day of November, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Ehmann v. Wells Fargo Bank, N.A.*                                                    Case No. 3:22-cv-00154-JMK
Order Re Defendant's Motion to Dismiss at Docket 5                                              Page 9
Case 3:22-cv-00154-JMK   Document 18   Filed 11/29/22   Page 9 of 9