IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LINDA EHMANN,<br><br>              Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>              Defendant. | Case No. 3:22-cv-00154-JMK<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS** |

At Docket 22, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for partial dismissal of Plaintiff Linda Ehmann's Amended Complaint. Ms. Ehmann responded at Docket 25 and Wells Fargo replied at Docket 26. The Court took Wells Fargo's motion under advisement without oral argument.

### I. BACKGROUND

The Court adopts the factual background recounted in its Order at Docket 18. However, it briefly summarizes the facts as they are alleged in Ms. Ehmann's Amended Complaint, as well as the procedural history pertinent to this motion.

In 2016, Linda Ehmann and Floyd R. Ehmann entered into an agreement with Wells Fargo to jointly lease a safety deposit box at Wells Fargo's branch office in Palmer, Alaska.[1]

On February 22, 2021, Wells Fargo allowed an individual other than the two joint lessees to access the safety deposit box without first requiring proof of identity or authority to access the box.[2] As a result, this individual removed the property contained in the box, which Ms. Ehmann estimates is worth at least $300,000.[3] Following this incident, Michael Scott, the manager of Wells Fargo's Palmer branch, promised Ms. Ehmann that he would "obtain the return of the property," but failed to do so.[4]

Ms. Ehmann ultimately filed a complaint against Wells Fargo, initiating this lawsuit. In lieu of answering, Wells Fargo moved to dismiss for failure to state a claim upon which relief can be granted.[5] At Docket 18, this Court addressed the motion to dismiss and determined that Ms. Ehmann failed to state a claim for relief for various unfair trade practices and tort claims, as the claims were "mentioned without any indication as to what state or federal statute or alternative theory of liability Plaintiff intends to rely on in bringing such claims."[6] Furthermore, the Court noted that the initial complaint did not set forth facts "to distinguish these claims from Plaintiff's breach of contract claim or otherwise define and support a distinct cause of action."[7] Accordingly, the Court dismissed

---

[1] Docket 19 at ¶ 5.
[2] *Id.* at ¶ 8.
[3] *Id.* at ¶¶ 9, 12.
[4] *Id.* at ¶ 10.
[5] Docket 5.
[6] Docket 18 at 5.
[7] *Id.*

the complaint "to the extent it seeks to raise any cause of action apart from a breach of contract claim."[8] It then provided Ms. Ehmann an opportunity to amend her complaint "to remedy the deficiencies noted" in the Court's order.[9]

Ms. Ehmann duly amended her complaint on December 29, 2022.[10] The amended complaint made the same allegations as the initial complaint, but specified several additional claims, including claims under the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA"). Wells Fargo now moves to dismiss nine of the eleven claims pled in the Amended Complaint.

## II. LEGAL STANDARD

A party may move for dismissal when a plaintiff's complaint fails "to state a claim upon which relief can be granted."[11] To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, if taken as true, would state a legal claim to relief that is "plausible on its face."[12] Conclusory statements, unwarranted inferences, and "[t]hreadbare recitals of the elements of a cause of action" will not defeat dismissal; a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] In reviewing the motion to dismiss, the court construes all facts alleged in the complaint in

---

[8] *Id.* at 9.
[9] *Id.*
[10] Docket 19.
[11] Fed. R. Civ. P. 12(b)(6).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); accord *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).
[13] *Iqbal*, 556 U.S. at 678.

the light most favorable to the plaintiff.[14] Ultimately, dismissal for failure to state a claim is proper "if it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."[15]

### III. DISCUSSION

Wells Fargo seeks dismissal of claims one through six and nine through eleven in Ms. Ehmann's First Amended Complaint. It argues that claims one through six—which assert violations of the UTPA—are insufficiently pled, as Ms. Ehmann has not alleged that Wells Fargo engaged in any unfair or deceptive conduct beyond its failure to meets its contractual obligations.[16] Additionally, it maneuvers through each of these claims and illustrates that Ms. Ehmann has not pled facts that support the required elements.[17] With respect to claim nine, Wells Fargo asserts that breach of promise is not a cognizable claim and that Ms. Ehmann has not pled facts that show a legally enforceable promise.[18] Finally, it submits that claims ten and eleven must be dismissed because they seek to assert tort claims where the only duty arises from a contractual promise.[19]

In response, Ms. Ehmann insists that dismissal of these claims is unwarranted. She argues that she need not directly quote the sections of the UTPA on which she relies in her complaint and that Alaska case law recognizes that a party can be

---

[14] *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (quoting *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012)).
[15] *Laborers' Int'l Union of N. Am., Loc. 341 v. Main Bldg. Maint., Inc.*, 435 F. Supp. 3d 995, 1000 (D. Alaska 2020) (quoting *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001)).
[16] Docket 22 at 7–8.
[17] *Id.* at 9–12.
[18] *Id.* at 12–13.
[19] *Id.* at 13–15.

*Ehmann v. Wells Fargo Bank, N.A.*     Case No. 3:22-cv-00154-JMK
Order Granting Partial Motion to Dismiss     Page 4
Case 3:22-cv-00154-JMK    Document 27    Filed 09/11/23    Page 4 of 10

liable for unfair trade practices even when there is a contractual relationship.[20] She suggests that her breach of promise claim is viable because she relied on Wells Fargo's promise.[21] Furthermore, she argues that her tort claims survive as a party's breach of contract may also give rise to an action in tort when the party's actions also violate an independent duty of care.[22]

A.    Ms. Ehmann's UTPA Claims

Five of Ms. Ehmann's six UTPA claims, which arise under Alaska Stat. § 45.50.471(b), fail as a matter of law as her amended complaint does not include allegations that Wells Fargo engaged in an unfair act or practice. To establish a prima facie case under the UTPA, a plaintiff must show "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred."[23] A breach of contract, without more, does not constitute an unfair act or practice under Alaska law.[24]

These claims, two through six, fail because Ms. Ehmann has not alleged anything more than a breach of the Safety Deposit Box Lease Agreement, and, therefore, has not pled the second element of the prima facie case for a UTPA claim. For example, Ms. Ehmann alleges that Wells Fargo engaged in an unfair and deceptive practice "by

---

[20] Docket 25 at 4–5.
[21] *Id.* at 5.
[22] *Id.* at 6–7.
[23] *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1255 (Alaska 2007) (internal citations and quotation marks omitted).
[24] *Cf. id.* at 1256 n.43 (holding that that a UTPA claim requires proof of something more than the mere assertion of a good faith but mistaken belief that a contract was valid and citing cases outside Alaska for the proposition that breach of contract is not in itself an unfair act).

providing no actual protection against unauthorized access to a safe deposit box."[25] But the substance of this allegation is simply that Wells Fargo did not abide by the terms of the lease agreement. Ms. Ehmann makes similar allegations in support of her other UTPA claims.[26] Each time, she reiterates that Wells Fargo did not do as it promised in the lease agreement but does not provide any facts that indicate there was an unfair or deceptive act beyond a breach of the agreement. As such, Ms. Ehmann's Amended Complaint does not include facts sufficient to state the UTPA claims she seeks to assert in claims two through six.

Ms. Ehmann's first UTPA claim fails as well. Ms. Ehmann alleges that Wells Fargo engaged in an unfair practice "by providing no actual follow up or plan for return of her property from Box #603, as promised" and that this violated the UTPA.[27] Alaska Stat. § 45.50.471(b)(4) defines an "unfair or deceptive act[] or practice[]" as "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . . ." Wells Fargo's failure to follow up on Mr. Scott's promise does not constitute an unfair act as defined by this provision. Given the allegations

---

[25] Docket 19 at ¶ 13.
[26] Id. at ¶¶ 17, 22, 25, 27, 35, 36, 44 (alleging that Wells Fargo engaged in unfair and deceptive practices by "providing no actual confirmation of authority prior to having allowed access to Box #603 on or about February 22, 2021," "providing no intent to supply routine expected, implied services as lessor of Box #603, such as preventing unauthorized entry to said Safe Deposit Box," falsely promising to restrict access to Box #603, "failing to deliver Box #603 according to terms and conditions promised, failing to honor the exclusive authority of lessees, and falsely representing property in Box #603 would not be accessible without proof of authority or identity).
[27] Id. at ¶ 14.

*Ehmann v. Wells Fargo Bank, N.A.* Case No. 3:22-cv-00154-JMK
Order Granting Partial Motion to Dismiss Page 6
Case 3:22-cv-00154-JMK   Document 27   Filed 09/11/23   Page 6 of 10

in the Amended Complaint, Mr. Scott's promise cannot fairly be viewed as a representation that Wells Fargo offers a service with a benefit or quality it does not have.

Accordingly, Ms. Ehmann's claims one, two, three, four, five, and six are **DISMISSED**.

B.    **Ms. Ehmann's Breach of Promise Claim**

Ms. Ehmann's "breach of promise" claim also fails as a matter of law. Ms. Ehmann alleges that Michael Scott, the Wells Fargo branch manager, promised Ms. Ehmann that he would "obtain the return of the property" taken from Box #603.[28]

Wells Fargo argues that this constituted an unenforceable promise because it was not supported by any consideration. In her opposition, Ms. Ehmann responds that the promise is enforceable as she relied upon it.

"Generally, a promise that is not supported by consideration is not legally enforceable."[29] "To constitute consideration, a performance or a return promise must be bargained for" and "[a] performance or return promise is bargained for if it is sought by the promisor in exchange for [their] promise and is given by the promisee in exchange for that promise."[30]

Mr. Scott's alleged promise is not legally enforceable as it lacked consideration. The Amended Complaint shows that Mr. Scott did not seek performance or a promise in return for his efforts. Rather, he gratuitously offered to obtain the return of

---

[28] *Id.* at ¶ 51.
[29] *Roberson v. Manning*, 268 P.3d 1090, 1094 (Alaska 2012).
[30] *Thomas v. Archer*, 384 P.3d 791, 798 (Alaska 2016).

Ms. Ehmann's property. Furthermore, although reliance on a unilateral promise can sometimes render it enforceable in contract, there is no factual matter in Ms. Ehmann's complaint that indicates that she reasonably relied on Mr. Scott's promise.[31] Her conclusory and unsupported assertion in her opposition that she relied on his statement is not sufficient to create an enforceable obligation. Ms. Ehmann's breach of promise claim therefore is **DISMISSED**.

## C. Ms. Ehmann's Tort Claims

Finally, Wells Fargo argues that Ms. Ehmann's negligence and misrepresentation claims should be dismissed as they arise from contractual promises. Ms. Ehmann responds that conduct that violates a contract also may sound in tort.

Generally, "[p]romises set forth in contract must be enforced by an action on that contract."[32] "However, when a party's actions violate a general duty of care, its actions may give rise to an action in tort, even if the violation also breaches a contract."[33]

Here, Ms. Ehmann claims that Wells Fargo was negligent because it failed to confirm the identity of the individual who sought access to Box #603.[34] But Wells Fargo did not owe Ms. Ehmann any independent duty of care to "confirm the authority and

---

[31] *See* RESTATEMENT (SECOND) OF CONTRACTS § 90 (Am. L. Inst. 1981).
[32] *Alaska Pac. Assur. Co. v. Collins,* 794 P.2d 936, 946 (Alaska 1990), *as amended on denial of reh'g* (Aug. 30, 1990).
[33] *Jarvis v. Ensminger,* 134 P.3d 353, 363 (Alaska 2006); *see also Galipeau v. Bixby,* 476 P.3d 1129, 1137–39 (Alaska 2020) (noting that "[a]n independent tort, by definition, is one that would exist even if there were no contract" and finding that the defendant owed no duty to the plaintiffs apart from the contractual duties imposed on it and therefore the plaintiffs could not be awarded punitive damages based on a tort theory of liability).
[34] Docket 19 at ¶ 56. Ms. Ehmann's Amended Complaint contains two paragraphs numbered 56, one supporting Claim Eight and one supporting Claim Ten. Here, the Court refers to the paragraph 56 in support of Claim Ten."

identity of the individual who sought access" to the Safety Deposit Box.³⁵ In this case, that duty arises from the lease agreement itself. Ms. Ehmann's negligence claim thus fails.

Moreover, Ms. Ehmann claims that Wells Fargo intentionally "misrepresented that there are precautions to protect against unauthorized access" to Safety Deposit boxes.³⁶ "Alaska law imposes an independent duty to refrain from the tort of intentional misrepresentation" so a "claim for misrepresentation alleges a breach of a duty independent of the contract."³⁷

However, Ms. Ehmann does not allege facts to support the elements of the tort of intentional misrepresentation: "(1) a false representation of fact, (2) knowledge of the falsity of the representation, (3) intention to induce reliance, (4) justifiable reliance, and (5) damages"—as her complaint does not contain facts that suggest Wells Fargo acted with any intent.³⁸ She alleges "WELLS FARGO BANK, N.A. personnel intended for LINDA EHMANN to rely on the representations of WELLS FARGO BANK, N.A. personnel, that her property in Box #603 would be protected against unauthorized access."³⁹ This conclusory assertion is insufficient. As discussed, "[t]hreadbare recitals of the elements of a cause of action" will not defeat dismissal; a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."⁴⁰ Ms. Ehmann's statement as to Wells Fargo's intent, without any

---

³⁵ *Id.*
³⁶ *Id.* at ¶ 61. The Court treats Ms. Ehmann's claim as a claim for intentional misrepresentation in accordance with the title of her claim on page 10 of the Amended Complaint.
³⁷ *Jarvis*, 134 P.3d at 363.
³⁸ *Id.*
³⁹ Docket 19 at ¶ 63.
⁴⁰ *Iqbal*, 556 U.S. at 678.

*Ehmann v. Wells Fargo Bank, N.A.* Case No. 3:22-cv-00154-JMK
Order Granting Partial Motion to Dismiss Page 9
Case 3:22-cv-00154-JMK   Document 27   Filed 09/11/23   Page 9 of 10

factual allegations that allow the Court to draw an inference that this intent plausibly existed, is not enough to survive a motion to dismiss. Ms. Ehmann's negligence and misrepresentation claims are **DISMISSED**.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo's Partial Motion to Dismiss is **GRANTED**. The Court dismisses claims one, two, three, four, five, six, nine, ten, and eleven in Ms. Ehmann's Amended Complaint. Wells Fargo must file an answer regarding Ms. Ehmann's two remaining claims.

IT IS SO ORDERED this 11th day of September, 2023, at Anchorage, Alaska.

                                                     */s/ Joshua M. Kindred*
                                                     JOSHUA M. KINDRED
                                                     United States District Judge

*Ehmann v. Wells Fargo Bank, N.A.*                                                 Case No. 3:22-cv-00154-JMK
Order Granting Partial Motion to Dismiss                                     Page 10
Case 3:22-cv-00154-JMK    Document 27    Filed 09/11/23    Page 10 of 10